IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SUZANNE R. BLAIR                                                                                    PLAINTIFF

VS.                                         CIVIL NO. 04-3037

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                           DEFENDANT

**MEMORANDUM OPINION**

Suzanne Blair ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on July 31, 2002, alleging an onset date of May 1, 2001, due to chronic back pain and mood disorders.[1] (Tr. 58-60, 64, 512-514). An administrative hearing was held on December 1, 2003. (Tr.530-578). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was thirty-two years old and possessed a high school education with some college. (Tr. 73, 540, 543). The record reflects that she has past relevant work ("PRW") as a home health aide, cashier, waitress/bus boy, and photographer. (Tr. 73-80, 544-546).

---

[1] Plaintiff has filed applications for DIB and SSI benefits on four previous occasions in 1991, 1992, 1995, and 2001, all of which were denied at the administrative level. (Tr. 14). As plaintiff failed to appeal these decisions, we are only concerned with her current application.

AO72A
(Rev. 8/82)

On February 18, 2004, the Administrative Law Judge ("ALJ"), issued a written decision finding that plaintiff's back and mood disorders were severe, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform a wide range of light work. (Tr. 18, 21). He then determined that plaintiff was unable to return to her PRW. (Tr. 21). However, with the assistance of a vocational expert, the ALJ found that plaintiff could still perform other jobs existing in significant numbers in the national economy. (Tr. 21).

The Appeals Council declined to review this decision. (Tr. 4–7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**Discussion:**

After reviewing the medical evidence contained in the record, the undersigned is troubled by the ALJ's RFC assessment. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined, based on the RFC assessment of a non-examining consultative physician, that plaintiff could perform a wide range of light work. However, plaintiff's treating physician, Dr. Dan Bell reported that plaintiff was able to walk less than one block without rest or severe pain, could sit more than two hours at a time for a total of six hours during an eight-hour workday, and could stand only ten to fifteen minutes at a time for a total of two hours per eight-hour day. (Tr. 507-508). He also noted that she would require periods of walking around throughout the day, occurring every fifteen minutes for five minutes at a time. (Tr. 508). In addition, Dr. Bell indicated that plaintiff would require a job that permitted shifting positions at will, as well as unscheduled breaks of fifteen minutes every fifteen minutes. He then stated that she could occasionally lift less than ten pounds, rarely lift ten pounds, and never lift more than ten pounds. Dr.

4

Bell was also of the opinion that plaintiff could only occasionally look up and climb stairs. He indicated that she would miss more than four days of work per month because her psychiatric disorders amplified her back condition. (Tr. 509).

The ALJ, however, dismissed Dr. Bell's opinion, stating that Dr. Bell was not a specialist in either psychiatry or orthopedic medicine. While the ALJ is generally free to give less weight to the opinion of a general practitioner when his opinion is in disagreement with that of a specialist, the mere fact that a doctor has not specialized in a particular area does not automatically invalidate his opinion. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight); *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist).

Medical records clearly reveal that plaintiff was suffering from a severe back condition. X-rays of her thoracic spine dated April 2003, revealed prominent osteoporosis, compression at the T5 and T7 levels, and mild osteoarthritis. (Tr. 257). Radiographs of her lumbar spine showed osteoporosis, an old compression injury at the L2 level, and fusion at the T12-L2 level. (Tr. 258). Further, treatment notes indicate that her back pain was so severe as to warrant the use of narcotic pain-killers, such as Lortab, Vicodin, Ultracet, Toradol, Percocet, Demerol, Darvocet, and Hydrocodone. (Tr. 82, 229, 245, 262, 263, 392, 395, 455, 459, 472, 482, 500). Therefore, as the ALJ has pointed to and we have found no objective medical evidence to contradict Dr. Bell's opinion, we cannot say that the ALJ's decision is supported by substantial evidence. We note that the opinion of a consulting

5

physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, we believe remand is necessary to allow the ALJ to properly consider Dr. Bell's opinion.

We also note that the ALJ was critical of plaintiff's medical treatment, stating that her condition "required no more than medical means to control." (Tr. 18). However, if that were the disability standard, this court would be hard pressed to find anyone whose medical impairment required "more than medical means to control," as medical treatment is generally the treatment of choice for medical impairments. Absent any evidence to suggest that plaintiff had any other reasonable treatment choices, we are of the opinion that the ALJ's use of this phrase to support his decision was misplaced. Accordingly, on remand he is directed to re-evaluate plaintiff's subjective allegations in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

**Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of August 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)